Matter of Supplementary Proceedings: MORRIS LANDES, Judgment
Creditor, *v.* LOUIS SCHREIBERG, Judgment Debtor.

City Court of New York, Bronx County, May 1, 1930.

*Emanuel Redfield,* for the judgment creditor.

KOCH, J. An order in supplementary proceedings made by a judge of this court was personally served upon the judgment debtor, directing his appearance for examination. The order was not obeyed by the judgment debtor and a motion to punish for contempt was duly brought on by personal service of an order to show cause. The judgment debtor appeared, and after listening to argument on both sides, the court granted the motion to punish the judgment debtor for contempt and fined him the sum of fifty-two dollars and forty-seven cents to be paid in installments of five dollars per week, beginning February 24, 1930. The order fining the judgment debtor was not personally served upon him. The affidavit of service shows service by mailing. The payments directed to be made by the order punishing the debtor for contempt were not made and a commitment order is now submitted for signature. The question is whether or not an order adjudging the debtor guilty of contempt and imposing a fine must be personally served before the court can sign a commitment order.

There is no provision in the statute law requiring that a contempt order be personally served. Rule 20 of the Rules of Civil Practice provides the method of service of papers generally. This rule authorizes service by mail, except in the following cases: Summons or other process, a paper to bring a party into contempt, or where the mode of service is specially prescribed by law. The order in question is not a summons or other process; it is not a paper to bring a party into contempt— that was the order to show cause why he should not be punished for contempt, this being the order adjudging him guilty of contempt; and there is no provision in the Civil Practice Act, the Rules of Civil Practice or the Judiciary

Law requiring personal service. The exceptions, therefore, under rule 20 are eliminated.

Extensive investigation indicates that the question presented is novel and there is no authority in the case law to which the court's attention has been directed or which the court is able to find deciding the question either way. Supplementary proceedings are a valuable remedy and intended by the law to be an effective aid to judgment creditors in the protection and enforcement of their rights and in the carrying out of judicial determinations. The court should not draw upon inferences to place obstacles in the way of enforcement of its own orders. Therefore, under rule 20 of the Rules of Civil Practice, the court holds that service by mail was proper and the order of commitment has accordingly been signed.