Thomas A. Aurelio, J.
Motion for an order to resettle an order of this court dated and entered herein on the 30th day of March, 1961 is denied as being unnecessary since the judgment debtor herein is in contempt of court for his failure to appear for examination as specified in said order. The original motion to punish for contempt was personally served upon the judgment debtor. The motion was granted on default and resulted in the said order of March 30, 1961 which provided as follows: “ ordered, that upon proof by affidavit of the due service of a copy of this order, with notice of entry thereof and of the failure of edward m. garlock, the Judgment Debtor, to appear for said examination in supplementary proceedings and to pay the fine as aforesaid, an application may be made ex parte, for an order of commitment directing the Sheriff "of the City of New York or of any County of the State of New York, wherein the Judgment Debtor may be found, to seize and arrest the said edward m. garlook, Judgment Debtor, and to confine him to the County Jail until said Judgment Debtor shall pay the said fine herein imposed, together with the legal fees of the Sheriff or be otherwise discharged according to law.”
It appears from the moving papers that service of said order was made by mailing a copy of the same to the judgment debtor who, having been personally served on the motion to punish for *563 contempt, was fully aware of the pending proceeding. Thus, “ due service ” has been amply accomplished in accordance with rule 20 of the Rules of Civil Practice. ‘ ‘ There is no provision in the statute law requiring that a contempt order be personally served. Rule 20 of the Rules of Civil Practice provides the method of service of papers generally. This rule authorizes service by mail, except in the following cases: Summons or other process, a paper to bring a party into contempt, or where the mode of service is specially prescribed by law. The order in question is not a summons-or other process; it is not a paper to bring a party into contempt — that was the order to show cause why he should not be punished for contempt, this being the order adjudging him guilty of contempt; and there is no provision in the Civil Practice Act, the Rules of Civil Practice or the Judiciary Law requiring personal service. * * * Supplementary proceedings are a valuable remedy and intended by the law to be an effective aid to judgment creditors in the protection and enforcement of their rights and in the carrying out of judicial determinations. The court should not draw upon inferences to place obstacles in the way of enforcement of its own orders.” (Landes v. Schreiberg, 136 Misc. 719-720.)
The judgment creditor may proceed under the provisions of said order of March 30, 1961.